IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES A. TANKSLEY,

    Plaintiff,

v.

EDWARD WALL, et al.

    Defendants.

ORDER

Case No. 15-cv-126-jdp

On March 13, 2015, this court entered an order assessing plaintiff an initial partial payment of the filing fee for this case, which was due on April 3, 2015. Rather than pay the initial partial filing fee, plaintiff has submitted a letter requesting that any funds over $10 in his regular account, plus the remainder from his release account funds, be used to pay his $147.17 initial partial filing fee. In the alternative, plaintiff requests to use his release account funds to pay the entire $350 filing fee. (Dkt. #8). Plaintiff's requests will be denied.

Nothing in the 1996 Prison Litigation Reform Act requires a warden to agree to bypass a prisoner's regular account in favor of a prisoner's release account to pay a filing fee simply because the prisoner doesn't want to use his regular account's funds to pay the assessed initial partial filing fee. The only money that the state need take from a state prisoner's release account is money that fits within the formula specified in 28 U.S.C. § 1915. Thus, if plaintiff has any money in his regular account, prison officials may use that money first before using money in plaintiff's release account to pay the initial partial payment.

1

After the initial partial payment has been paid, § 1915(b)(2) controls the withdrawal of the remainder of the filing fee from a prisoner's account. It provides that the balance of the fee is to be paid in installments figured at 20% of "the preceding month's income." If the money exists in plaintiff's regular account, it will be taken from that account.

ORDER

IT IS ORDERED that:

1. Plaintiff James A. Tanksley's motion for an order directing prison officials to pay the entire initial partial payment or the entire $350 filing fee in this case from his release account (dkt. #5), is DENIED.

2. Plaintiff may have an enlargement of time, to May 1, 2015, to pay his $147.17 initial partial payment. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

3. If, by May 1, 2015, plaintiff fails to make the initial partial payment or show cause for failure to do so, I will assume that he wishes to withdraw this action voluntarily and the case will be closed without prejudice to plaintiff's refiling it at a later date.

Entered this 9th day of April, 2015.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge