IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. TANKSLEY,

                Plaintiff,

v.                                                                            ORDER

JON E. LITSCHER, BRIAN FOSTER, and                      15-cv-126-jdp
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

---

Pro se plaintiff James A. Tanksley, a Wisconsin Department of Corrections prisoner, is proceeding on claims that Waupun Correctional Institution and Department of Corrections officials violated his right to freely exercise his religion by prohibiting his access to specific tarot cards. Tanksley has filed a motion to deny the defendants' motion to dismiss the complaint, Dkt. 26, an amended complaint, Dkt. 27, and a motion to issue an order directing the defendants to file an answer to his amended complaint, Dkt. 33. I will deny Tanksley's motions but accept his amended complaint as the operative pleading in the case.

First, I will deny Tanksley's motion to deny defendant's motion to dismiss the case, Dkt. 26, because defendants have not moved to dismiss Tanksley's case. Defendants answered Tanksley's complaint on June 7, 2016. Dkt. 23. In their answer, defendants assert a number of affirmative defenses, as required by Federal Rule of Civil Procedure 12(b). Tanksley misconstrues defendants' answer as a motion to dismiss. If defendants move to dismiss the case, they must clearly label their motion as such, and the court will give Tanksley a deadline to respond. But defendants have not yet moved to dismiss the case, and so I will deny Tanksley's motion as unnecessary.

Second, I will accept Tanksley's amended complaint. Dkt. 27. Tanksley mailed an amended complaint to the court on June 27, 2016, just within the 21-day timeframe to amend his complaint without leave of the court. *See* Fed. R. Civ. P. 15(a)(1); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (per curiam) (holding that the prison mailbox rule, providing that a prisoner's filing is filed at the moment he places it in the prison mail system, applies to all district-court filings save for "exceptional situation[s]"). Therefore, Tanksley need not move the court for leave to amend his complaint. However, I still must screen his amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. Tanksley's amended complaint names Jon E. Litscher, the current secretary of the Department of Corrections, and Brian Foster, the current warden of the Waupun Correctional Institution, as defendants, and drops the former secretary and warden. I already made these substitutions in my April 28 screening order. Dkt. 17. Tanksley's amended complaint includes more details about the denial of his request for the tarot cards. These changes do not affect my initial conclusion that Tanksley may proceed on his RLUIPA claims against all three defendants and on his First Amendment claims against only Litscher and Foster, so I accept Tanksley's amended complaint as the operative pleading in the case.

Finally, I will deny Tanksley's motion for an order directing defendants to file an answer to the amended complaint. Dkt. 33. Now that the amended complaint is accepted as the operative pleading in the case, defendants may respond pursuant to Rule 15(a)(3). No further court order is necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff James A. Tanksley's amended complaint, Dkt. 27, is the operative pleading in the case.

2. Plaintiff's motion to deny defendants' motion to dismiss the complaint, Dkt. 26, is DENIED.

3. Plaintiff's motion for an order directing defendants to file an answer to the amended complaint, Dkt. 33, is DENIED.

Entered November 23, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge