IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. TANKSLEY,

                           Plaintiff,                      ORDER

    v.

                                                    15-cv-126-jdp

JON E. LITSCHER, *et al.*,

                           Defendants.

---

Pro se plaintiff James A. Tanksley, a Wisconsin Department of Corrections prisoner, is proceeding on claims that Waupun Correctional Institution and DOC officials violated his right to exercise his religion by denying plaintiff's request to possess and use a particular deck of tarot cards because some of the cards in that deck constitute pornography under DOC's broad definition. Before the court is plaintiff's motion to compel defendants to identify by name of the members of the Religious Practices Advisory Committee, which denied his request for the tarot deck. Dkt. 36.

The state opposes the motion, arguing that the identities of the committee members are irrelevant to this lawsuit and granting this request would serve only to harass the committee members. The state's relevancy argument is not well taken, since the people who actually made the decisions that plaintiff has challenged would be able to provide testimony explaining their decisions. Accordingly, I will grant plaintiff's motion to compel the state to provide him with the name of the committee members. Given the tight deadlines we are facing in this case, I will give them a very short time to do so.

But this likely is a hollow victory for plaintiff. The committee members are not defendants in this case, so plaintiff cannot use the discovery methods available to obtain information from other parties. Therefore, it will be difficult for plaintiff to obtain any

additional information from the committee members beyond the information that he already has obtained from the actual defendants.

Plaintiff also should be aware that the court will not move the summary judgment briefing deadlines again absent a showing of good cause. Good cause in this context would require plaintiff to proffer a valid discovery method that actually is available to him by which he can obtain material information from the committee members that he has not obtained and could not have obtained from the named defendants.

Along these lines, plaintiff is cautioned that even if he were to seek an extension, he still must meet his existing deadlines using the information already in his possession. In other words, even if the court were to grant plaintiff an extension–which is not a likely outcome here–that extension would be to *supplement* his response materials, not to file plaintiff's entire response.

ORDER

It is ORDERED that plaintiff's motion to compel discovery (dkt. 36) is GRANTED. Not later than May 12, 2017, defendants must disclose to plaintiff the names of the Religious Practices Advisory Committee members.

Entered this 5th day of May, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge